## DANIEL CLEAVES vs. DANIEL W. LORD.

On an agreement made by one of the owners of a ship with the others, for one joint con sideration, to perform certain services for them jointly, and also to procure insurance on their interests, either of them may sue him separately, for a failure to procure such insurance.

An allegation of an agreement to obtain insurance on certain property for not less than a certain sum, is supported by proof of an agreement to obtain insurance to the full value of the property, and that that value was the sum alleged.

A declaration, setting forth an agreement to obtain insurance on property " in considera-tion of a reasonable commission," is not supported by evidence of an agreement to obtain the insurance in consideration of a definite sum.

On the trial of an action on a contract, the consideration of which was alleged in the dec-laration to be a reasonable commission, but was proved to be a definite sum, the defend-ant objected that the evidence did not support the declaration; but as it did not appear that he had been prejudiced by the variance, the plaintiff was allowed to amend, after verdict, by substituting " compensation " for " commission," taking no costs accrued since the trial.

ASSUMPSIT. Writ dated October 18th 1850. The declaration alleged that the plaintiff, in February 1849, was owner of one fourth of the ship Clinton, which was then in safety and on a voyage from England to the United States; that the defendant was retained and employed by the plaintiff to procure insurance upon the ship, on the plaintiff's account; and that, in consider-ation of a reasonable commission to be paid by the plaintiff, the defendant promised to procure such insurance upon the plain-tiff's interest in the ship, and for his benefit, for a sum not less than five thousand dollars, against all perils and dangers of the sea, which are usually insured against by underwriters in Bos-ton; that the defendant, although he could have effected such insurance before he had notice of the loss of the ship, did not procure the ship to be insured according to his undertaking, but neglected so to do; and that the ship was afterwards totally ost by the perils of the sea.

At the trial, before *Merrick*, J. there was evidence that the defendant, in September 1846, was owner of one half of the Clinton, the plaintiff owner of one fourth, and two or three other persons owners of the remaining fourth; that the defend-ant, by consent of the other owners, became ship's husband

and agent, and agreed with them, for the consideration of fifty dollars yearly, that he would (among other things) procure insurance upon the ship, in behalf of all the parties interested; that he omitted to procure insurance upon the plaintiff's interest in the ship; that the ship was lost by the perils of the sea; that the value of the plaintiff's one fourth was five thousand dollars; and that the defendant could have procured insurance upon that one fourth to that amount.

The defendant requested the judge to instruct the jury that the contract, if any was made by him to keep the ship insured, was made with the several part-owners jointly, and that the plaintiff could not maintain this action; but that the owners of the other fourth should have been joined as plaintiffs. But the judge refused so to instruct, and ruled that, if the defendant agreed with the other owners to procure insurance upon the ship for them, and keep it insured for them, such agreement was, in law, a several agreement with each of the other owners.

After the evidence was all in, the defendant's counsel, in the course of his argument to the jury, contended that the evidence did not support the averment in the declaration of a promise by the defendant to keep the plaintiff's fourth insured for the sum of five thousand dollars; because the contract, as proved by the evidence, was, and must have been, to keep the plaintiff's interest insured according to its true value from time to time, according to the discretion of the defendant. The judge submitted to the jury the questions whether or not the contract was that the defendant should keep the plaintiff's said interest insured to its value, if he could procure such insurance; and whether or not the true value of the plaintiff's fourth of the ship, at the time when it was the defendant's duty to procure such insurance, was five thousand dollars; and whether or not the defendant could have procured insurance accordingly.

The defendant also contended that the allegation in the declaration, that the consideration of the defendant's promise was a reasonable commission, was not supported by the evidence. But the court ruled otherwise.

The jury returned a verdict for the plaintiff in the sum of $5,758 ; and the defendant alleged exceptions.

*R. Choate & E. A. Dana,* for the defendant.

*S. Bartlett & C. P. Curtis, Jr.* for the plaintiff.

METCALF, J. The first question in this case is, whether it was rightly ruled, at the trial, that if the defendant contracted with the other owners of the ship to procure insurance upon it for them, such contract was, in law, a several contract with each of them. In determining this question, we are to ascertain whether the *interest* in the contract to procure insurance was several or joint. And this is to be ascertained by examining not only the nature of the consideration of the defendant's contract, but also the nature of the duty which that contract created. The consideration, doubtless, was joint, and not several. It was a yearly compensation of fifty dollars, to be paid jointly by the other owners of the ship, for his procuring of insurance, and for other services, which he contracted to perform. And some of those services were to be performed for those owners jointly, and not severally ; to wit, the services which the defendant was to render in his capacity of ship's husband, and by the nonperformance of which each of those owners would have been injured, more or less, in proportion to his interest in the ship ; for it is not necessary that parties' interests in a contract should be equal in order to make those interests joint. *Capen* v. *Barrows,* 1 Gray, 381. *Calvert* v. *Bradley,* 16 How. 580. But it is no part of the duty of a ship's husband, as such, to procure insurance on the ship. *Finney* v. *Warren Ins. Co.* 1 Met. 18. That duty, therefore, in the present case, arose solely from the defendant's special contract.

We cannot perceive that the plaintiff's interest could in any way be affected by the defendant's omission to procure insurance upon that fourth part of the ship which was owned by others, or that their interest could in any way be affected by his omission to procure insurance upon the plaintiff's fourth. If the defendant had procured insurance on the plaintiff's fourth, the other owners would not have been entitled to any part of the money recovered of the underwriters ; and *vice versa.* The defendant

might, undoubtedly, have fulfilled his contract, by procuring insurance upon the whole ship, in one or more policies, or the whole of his several co-tenants' half in a single policy; and if he had so done, the interest in such policies or policy might have been joint, and not several.   But we are of opinion that the contract on which this action is brought may be regarded and may operate in some respects as joint and in other respects as several, like the contract in the case of *James* v. *Emery,* 8 Taunt. 248, and 5 Price, 534.   1 Walford on Parties, 463. The agreement to act as ship's husband is to be regarded as made with the defendant's co-owners jointly; and for a breach of that part of the agreement they should sue jointly.   Each of them, as before stated, would be injured in proportion to his interest in the ship.   But in the matter of procuring insurance upon the ship, the agreement operates as a several agreement, for the reason already given.

This view of the law is sustained by authority, as well as by principle.   The case of *Story* v. *Richardson,* 6 Bing. N. C. 123, was an action against two men for negligence in their capacity as accountants.   It appeared at the trial that the defendants, at the request of several partners, of whom the plaintiff was one, undertook to make a correct statement of the accounts of the firm, and of the final balance of such accounts, and of the respective balances due to each of the partners; that the defendants drew up the separate balances incorrectly, and that the plaintiff, relying upon them, paid to his partners a large sum which was not their due.   The defendants objected, that as they were employed by the whole firm, the action should have been brought in the name of all the partners; that the allegation in the declaration, that the plaintiff had employed the defendants, was disproved; and that the plaintiff ought to be nonsuited. But the court held, that in the part of the defendants' contract which respected the separate balances, the plaintiff had a separate interest, and that from that separate interest a duty arose in his favor, for breach of which he might maintain a separate action.   Mr. Justice Maule said: " There was a contract between the defendants and each of the partners, as well as a

contract between the defendants and all." And Tindal, C. J. said: " No proof was given of any joint injury sustained by the partners. It is no new proposition, that where there is a joint contract, if either of the parties has a separate interest, he may sue separately in respect of such interest." In that case, the action was in form *ex delicto,* but Bosanquet, J. said the law would have been the same if the plaintiff had sued in form *ex contractu.* See also *Owston* v. *Ogle,* 13 East, 538 ; Broom on Parties, 8.

The remaining exception is to the rulings as to the alleged variances between the declaration and the evidence introduced to support it. The defendant objected that the alleged promise that he would procure insurance upon the plaintiff's interest in the ship, for a sum not less than five thousand dollars, was not proved by the evidence. The judge rightly left it to the jury to find, on the evidence, (which is not fully set forth in the exceptions,) what the defendant's promise was ; whether it was, or was not, that he would procure insurance to the full value of the plaintiff's interest. And the case was so put to the jury as to authorize them to find for the plaintiff, if they were satisfied, on the evidence, that the defendant promised to procure and keep insurance upon the full value of the plaintiff's interest, and if that value, at the time when the defendant ought to have procured insurance upon it, was five thousand dollars, and could have been insured to that amount. The jury, therefore, in returning a verdict for the plaintiff, must have found that the plaintiff's interest was of the value of five thousand dollars, and that the defendant's promise was to procure, and that he could have procured, insurance for the plaintiff to the full amount of his interest in the ship. The question then arises, whether the promise, which the jury have found that the defendant made, is the same, in legal effect, with that which is alleged in the plaintiff's declaration. If it is, there is no variance ; for a plaintiff may always declare on a promise according to its legal effect, and need not set forth its precise language. And this rule of pleading is applied not only to cases in which the legal effect appears on the face of the promise itself, when it is in writing, or appears from the words proved to have been used, when the promise is oral,

but is also applied to cases like that now before us, in which the legal effect is shown by evidence *ab extra.* *Gladstone* v. *Neale,* 13 East, 410. *Silver* v. *Heseltine,* 1 Chit. R. 39. *Wickes* v. *Gordon,* 2 B. & Ald. 335. *Blake* v. *Crowninshield,* 9 N. H. 304. The objection to this first alleged matter of variance is therefore overruled.

But we are of opinion that there is a variance between the alleged consideration of the defendant's promise and the consideration which was proved. A " reasonable commission " for the defendant's services is the consideration alleged. A sum of fifty dollars yearly for those services is the consideration proved. This is not a commission, according to the common acceptation of that word, which is a certain rate per centum, allowed as a reward for buying or selling property for another, collecting money, &c. The law is exceedingly strict in requiring that the consideration of a contract shall be truly set forth in a declaration for a breach of it. 1 Chit. Pl. (6th Amer. ed.) 326 *& seq.* 1 Saund. Pl. & Ev. (2d ed.) 187–189. 1 Greenl. Ev. §§ 58, 68. *Whitney* v. *Marks,* 1 Kerr's (N. B.) Rep. 179. The difference of a shilling only between the alleged and the actual consideration defeated the plaintiff in the case of *Durston* v. *Tuthan,* cited in 3 T. R. 67, and recognized as law in 3 M. & S. 175. Still, we are all of opinion that this case ought not, for this cause, to be sent to a new trial. The variance does not, in the slightest degree, affect the merits of the case, which have been tried. The defendant cannot have been misled or surprised, or his defence in any way have been changed by reason of this variance. If, therefore, the plaintiff shall move for leave to amend, by substituting the word *compensation* for " commission," we shall grant such motion; being of opinion that the objection of variance will be removed by such amendment. See *Bayley* v *Tucker,* 2 New Rep. 458; 1 Leigh N. P. 112. Under the Rev. Sts. *c.* 100, § 22, the court can allow amendments, either in form or substance, upon just and reasonable terms, at any time before judgment.

As this objection of variance was made at the trial, we deem it reasonable that the plaintiff, if he amends, shall take no costs that have accrued since the trial.

In the State of New York, the court, without any authority conferred by statute, allow amendments after verdict, without imposing any terms, when the merits have been tried, and the defendant could not have been misled or surprised. *East Boston Timber Co.* v. *Persons,* 2 Hill, 126.

After this opinion was pronounced, the plaintiff's counsel moved for leave to make the amendment suggested by the court. The motion was granted, and judgment was entered on the verdict.